**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT K. and MONICA K., on behalf of<br>JOHN K., a minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| HEALTH CARE SERVICE | ) | |
| CORPORATION d/b/a BLUE CROSS | ) | |
| BLUE SHIELD OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR
ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiffs, ROBERT K. and MONICA K., on behalf of JOHN K. (collectively "Plaintiffs"),

hereby move, pursuant to Fed. R. Civ. P. 65, for a preliminary injunction ordering Defendant,

HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS BLUE SHIELD OF

ILLINOIS ("Defendant" or "HCSC"), to restore John K's applied behavioral analysis (ABA)

therapy for treatment of an Autism Spectrum Disorder to the level deemed medically necessary by

an independent external reviewer on August 19, 2021. In support of this motion, along with the

memorandum of law in support of the entry of a preliminary injunction that is filed

contemporaneously herewith, Plaintiffs state as follows:

**BACKGROUND**

1.      Robert K. and Monica K. are the parents of John K., a minor, who suffers from an

Autism Spectrum Disorder. John K. has been receiving ABA therapy for his severe mental health

condition, which has been beneficial in controlling and improving improper behaviors. Based on

certification of medical necessity by John K.'s behavioral health treatment professionals, Plaintiffs

sought approval of 15 hours per week of ABA therapy from January 10, 2021 through July 10, 2021. Defendant denied that request, and Plaintiffs appealed the denial to Defendant. That appeal was unsuccessful. However, Plaintiffs then sought an independent external review in accordance with the Affordable Care Act, 45 C.F.R. § 147.136, which resulted in a finding that the requested services were medically necessary. The external review decision was issued on August 19, 2021.

2.     Almost immediately after receiving the independent review decision, Plaintiffs applied for pre-approval of 15 hours of ABA therapy for the next six-month period. Although a key aspect of the independent reviewer's determination was that John K.'s behavior deteriorated when ABA therapy was reduced, on September 24, 2021, Defendant refused to approve more than four hours per week of 1:1 therapy. There had also been no material change in John K.'s prescribed treatment plan, assessment, or medical needs in the one month in between the independent review decision and Defendant's denial of continued ABA therapy services at 15 hours per week.

3.     Since receiving Defendant's September 24, 2021 determination, Plaintiffs have been paying out-of-pocket for the additional hours of ABA therapy deemed medically necessary by John K.'s behavioral health providers. However, those payments are quickly draining Plaintiffs' financial resources.

4.     Plaintiffs have therefore brought this action, pursuant to Section 502(1)(a)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA") to enforce Plaintiffs' rights under their group health plan, restore the status quo ante of HCSC approving coverage for 15 hours per week of ABA therapy for the forseeable future, and clarify John K.'s right to further ABA therapy at that rate so long as the status quo as to his medical needs remains the same.

5.     On account of John K.'s continued need for 15 hours of ABA therapy per week, Defendant's refusal to authorize that level of therapy has resulted in a loss of gains John K.

previously was able to achieve and has resulted in an increase in improper behavior such as self-harming behaviors, aggression, and destruction of property. In addition, unless the amount of therapy deemed medically necessary by the independent external reviewer is continued, there is a threat to John K. being able to maintain the gains he has achieved and a risk of further deterioration in his inappropriate behavior. Since Plaintiffs will soon run out of funds to continue paying out-of-pocket for the additional ABA therapy services John K. has needed and received beyond the currently approved rate of four hours per week, Plaintiffs seek a preliminary injunction.

## REQUEST FOR PRELIMINARY INJUNCTION

6. In order to obtain a preliminary injunction, the plaintiff must establish three elements: (1) without such relief, he will suffer irreparable harm before his claim is finally resolved; (2) he has no adequate remedy at law; and (3) he has a likelihood of success on the merits. *Harlan v. Scholz*, 866 F.3d 754, 758 (7th Cir. 2017) (citation omitted). "If the plaintiff can do that much, the court must then weigh the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one." *Id.* (citation omitted).

### Plaintiffs Will Suffer Irreparable Harm

7. Without entry of a preliminary injunction, John K. will suffer irreparable harm – without coverage for 15 hours of ABA therapy per week, John K. faces a substantial risk of losing the gains he has made and further deterioration in his improper behavior.

8. An award of money damages cannot compensate Plaintiffs for the harm they will suffer if John K.'s condition deteriorates and he ceases making gains in his behavior.

### Plaintiffs Have a Likelihood of Success on the Merits

9. First, Plaintiffs are likely to succeed on the merits of the claim presented because HCSC's decision to reduce John K's ABA therapy almost immediately after 15 hours a week of

ABA therapy was found to be medically necessary by an independent review organization is contrary to the benefit plan language, its obligation to comply with the findings of the independent reviewer, and the professional opinions of John K.'s psychiatrist, pediatrician, and therapists, who have all concurred that John K.'s receipt of 15 hours per week of ABA therapy is medically necessary.

**The Balance of Harm and Public Interest Support Entry of a Preliminary Injunction**

11. Finally, the balance of harm and public interest support entry of a preliminary injunction requiring that HCSC return to the status quo ante and continue to provide coverage for 15 hours per week of ABA therapy for John K. pending a trial.

WHEREFORE, for the reasons set forth above and in the contemporaneously filed memorandum of law in support of Plaintiffs' motion for entry of a preliminary injunction, Plaintiffs respectfully request that this Court enter a preliminary injunction requiring Defendant to restore the status quo ante in order to maintain the same level of medical benefits, i.e., 15 hours per week of ABA therapy for John K. that was approved for the period preceding the September 24, 2021 denial, pending a trial in this action or until further order of the Court, and for such other relief as this Court deems proper.

Dated: February 2, 2022                              Respectfully submitted,

                                                      By: */s/ Mark D. DeBofsky*
                                                          Mark D. DeBofsky
                                                          Marie E. Casciari
                                                          DeBofsky Sherman Casciari Reynolds P.C.
                                                          150 North Wacker Drive, Suite 1925
                                                          Chicago, IL 60606
                                                          (312) 561-4040 (phone)
                                                          (312) 929-0309 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2022, I electronically filed the foregoing with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system reflecting service on all attorneys of record.

/s/ Mark D. DeBofsky
Mark D. DeBofsky
